# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN CREDICO, | Civil No. 3:19-cv-353 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN, FCI-ALLENWOOD MEDIUM, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Justin Credico, a former inmate confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood").[1] (Doc. 1). Named as the sole Respondent is the Warden of FCI-Allenwood. For the reasons set forth below, the petition will be dismissed.

## I. Background

Credico challenges an incident report and disciplinary hearing sanctions he received for computer misuse at FCI-Allenwood. (Doc. 1, pp. 2, 6-8). Credico claims that his actions are protected by the First Amendment. (*Id.*). For relief, he requests expungement of the incident report, restoration of the loss of good conduct time, and a declaration that "the First

---

[1] On April 5, 2019, Credico was released from Bureau of Prisons' custody via good conduct time release to his home in Coatesville, Pennsylvania. (Doc. 8-1, p. 1, Declaration of Matthew Lavelle, BOP Senior Attorney, ¶ 3).

Amendment protected the petitioner's activities." (*Id.* at p. 8).

II. **Discussion**

A. **Failure to State a Cognizable Claim**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

To the extent that Credico alleges that his First Amendment rights have been violated, he cannot raise such claims in a habeas proceeding. Because Credico is seeking relief based on the deprivation of certain rights and privileges, the appropriate remedy is a

civil rights action. Consequently, the First Amendment claims will be dismissed.

### B. The Habeas Petition is Moot

Federal habeas review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005). As stated, habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer*, 288 F.3d at 540. Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *Scott v. Holt*, 297 F. App'x 154 (3d Cir. 2008) (nonprecedential). In this situation, the relevant inquiry is whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-42 (3d Cir. 2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7. Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8. By contrast, challenges to the execution of a sentence that has already been served will not be

presumed. *Spencer*, 523 U.S. at 12-14.

Respondent argues that the habeas petition has been rendered moot by Credico's April 5, 2019 release from custody. (Doc. 8, pp. 3-4; Doc. 8-1, Declaration of Matthew Lavelle; *see also* BOP Inmate Locator[2]). Once Credico served his term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); *see also* 28 C.F.R. § 523.2(c). Under these circumstances, Credico cannot demonstrate any continuing collateral consequences or injury because his release eliminates the Court's ability to grant him any relief. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue"); *see also Scott*, 297 F. App'x at 156 ("Because [the petitioner] has served his complete term of imprisonment, [he] cannot show some concrete and continuing injury from the loss of good time credits."). As no live controversy remains, the Court will dismiss Credico's habeas petition as moot. *See Scott v. Schuylkill FCI*, 298 F. App'x 202 (3d Cir. 2008) (nonprecedential).

---

[2] Upon entering Credico's identification number, 71239-066, into the BOP Online Inmate Locator System, his status was returned as "released" on April 5, 2019. *See* https://www.bop.gov/inmateloc/#

4

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed. A separate Order shall issue.

Dated: May ___, 2019

Robert D. Mariani
United States District Judge